UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re

RAHUL DEV MANCHANDA,

                        Debtor.
----------------------------------------------------------------x
RAHUL DEV MANCHANDA,

                        Appellant,                            **ORDER**

     – against –

                                                                             No. 23-CV-11308 (CS)

UNITED STATES TRUSTEE,

                        Appellee.
----------------------------------------------------------------x

Seibel, J.

      On March 4, 2024, I ordered *pro se* Appellant to advise the Court, no later than March 18, 2024, whether he wishes to pursue this appeal, and if so, why he has not yet filed the documents required by Federal Rule of Bankruptcy Procedure 8009. (ECF No. 2.) In so ordering, I warned Appellant that the failure to do so may result in dismissal for failure to prosecute. (*Id.*) Appellant has not responded to the Court's order.

      "A district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*." *Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020).[1] "[T]he Second Circuit instructs that the district court should exercise its discretion to determine whether dismissal is appropriate in the circumstances," and "[a]n appeal should be dismissed when failure to prosecute was inexcusable." *Id.* Courts in this Circuit consider

---

[1] Although Appellant is apparently an attorney, in an excess of caution the Court will send him copies of any unreported cases cited in this Order. Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

several factors when deciding whether to dismiss, including "bad faith, negligence, and indifference." *Id.* "Other factors include 1) the duration of appellant's failures or non-compliance; 2) whether appellant had notice that such conduct would result in dismissal; 3) whether prejudice to the appellee is likely to result; 4) the balance of the court's interest in managing its docket against appellant's interest in receiving an opportunity to be heard; and 5) the efficacy of a sanction less draconian than dismissal." *Id.* "No single factor is dispositive." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-08245, 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023). "Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted." *Id.*

The factors weigh in favor of dismissal here. First, Appellant's notice of interlocutory appeal was docketed by the Bankruptcy Court on June 7, 2023, (*see* Bankr. S.D.N.Y. Case No. 23-22095, ECF No. 48), and subsequently docketed in this Court on December 29, 2023, (ECF No. 1). Three months have passed since the notice of appeal was docketed in this Court, and Appellant has not filed a designation of the record or statement of issues pursuant to Federal Rule of Bankruptcy Procedure 8009. This delay is sufficient to warrant dismissal. *See Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, the Court ordered Appellant to advise the Court no later than March 18, 2024 whether he wishes to pursue the appeal and warned Appellant that failure to do so may result in dismissal for failure to prosecute. (*See* ECF No. 2.) The Court's deadline has passed, and Appellant has not responded to the Court's order. Thus, Appellant has demonstrated indifference and neglect of this case, if not intentional abandonment. "As other courts have

noted, it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Motors Liquidation Co.*, 2020 WL 2765695, at *2.

Third, prejudice to Appellee may be presumed because Appellant's delay is inexcusable. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (district court "reasonably found that prejudice to defendants could be presumed because the delay was not reasonable"); *Sanango*, 2023 WL 145521, at *2 (plaintiff's delay was inexcusable where he failed to comply with the Court's orders and did not advance the case).

Fourth, "noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Sanango*, 2023 WL 145521, at *2. Appellant has failed to comply with the Court's March 4 order and has not indicated to the Court that he intends to pursue this case. Accordingly, as to the fifth factor, sanctions less draconian than dismissal would also be ineffective. *See Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *Rsch. Found. for State Univ. of N.Y. v. Telluric Labs, LLC*, No. 21-CV-1898, 2023 WL 6307995, at *7 (E.D.N.Y. Sept. 28, 2023) ("When a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter.").

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute and pursuant to Rule 8 of the Court's Individual Practices (which provides that a bankruptcy appeal may be dismissed if the opening brief is not timely filed).  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: March 29, 2024
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.